WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Leland Neal, | No. CV-16-08291-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| B Marc Neal, et al., | |
| Defendants. | |

Before the Court is the Motion Regarding Judgment Creditor's Underlying Judgment as Being Void as a Matter of Law filed on behalf of Defendants B. Marc Neal ("Marc"), Michael Kenneth Neal ("Michael"), and Richard Wayne Neal ("Richard"). (Doc. 78.) The motion is fully briefed and no party requested oral argument. For the following reasons, the motion is denied.

**I. Background**

In this action, Plaintiff Richard Leland Neal ("Neal") accuses Defendants of mismanaging the assets of the Claude K. Neal Family Trust B ("Trust") and violating the Racketeer Influenced and Corrupt Organizations ("RICO") Act in the process. (Doc. 27.) Defendants have moved to dismiss the amended complaint, arguing in part that Neal lacks standing to raise these claims because he is not a beneficiary of the Trust. (Doc. 38.) The Court currently has Defendants' motion to dismiss under review and will be issuing a decision in due course.

Shortly after Defendants moved to dismiss Neal's amended complaint, non-party Patricia Lewis moved to intervene as a plaintiff pursuant to Federal Rule of Civil Procedure 24. (Doc. 48.) In her motion, Lewis represented that she is a judgment creditor of Neal's in an action before the Mohave County Superior Court, holding judgments in excess of $4.6 million ("Superior Court Action"). In the Superior Court Action, Lewis served a writ of garnishment upon Marc in his capacity as trustee of the Trust. Lewis sought to intervene in this action "to protect her ability to collect her judgments, and guard against the possibility of collusion between the parties now in this suit to defeat her rights." (*Id.* at 2.) Defendants opposed Lewis' request. (Docs. 56, 73.)

After full briefing on Lewis' motion to intervene, Defendants filed the instant motion, in which they contend that the underlying state court judgment upon which Lewis' asserted right to intervene is based is unenforceable because it was not timely renewed. Specifically, Defendants contend that Lewis filed her judgment renewal affidavit one day late back in 2009. (Doc. 78.) In addition to renewing their request that the Court deny Lewis' motion to intervene, Defendants ask the Court to declare the underlying state court judgment void and to award Defendants their reasonable attorneys' fees incurred in opposing Lewis' intervention.

**II. Discussion**

In response to Defendants' motion, Lewis withdrew her motion to intervene. (Doc. 79.) Defendants' opposition to Lewis' intervention therefore is moot. The sole remaining issue is whether Defendants are entitled to recover their reasonable attorneys' fees incurred in opposing Lewis' intervention.

As an initial matter, the Court finds that Defendants are not entitled to their attorneys' fees because they failed to articulate a basis for those fees in their motion. Instead, Defendants merely request fees without explaining why they are entitled to them. (Doc. 78 at 6.) Defendants cited for the first time in their reply memorandum five sources potentially entitlement them to an award of fees: (1) Federal Rule of Civil Procedure 41(a)(2), (2) A.R.S. § 12-349, (3) Rule 11, (4) A.R.S. § 14-11004, and (5)

Arizona Rules of Professional Conduct ("Ethical Rules") 3.3, 4.4 and 8.4. (Doc. 81.) But "the district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Indeed, Defendants' failure to raise these arguments in their initial motion deprived Lewis of a meaningful opportunity to be heard on them. Nevertheless, the Court finds on the merits that Defendants are not entitled to fees under any of the provisions cited in their reply memorandum.

### A. Rule 41(a)(2)

Rule 41 governs voluntary dismissals in federal court. As a general rule, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A court order is not needed, however, if a plaintiff files "a notice of a dismissal before the opposing party serves either an answer or a motion for summary judgment," or "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Relying on Rule 41(a)(2), Defendants contend that Lewis cannot withdraw her motion to intervene without a court order, and that the Court may require her to pay Defendants' reasonable attorneys' fees as a condition of the voluntary dismissal.

Defendants' reliance on Rule 41(a)(2) is misguided. The rule applies only to the voluntary dismissal of actions, and Lewis has not dismissed an action. Nor could she— Lewis never was a party to this action because the Court did not rule on her motion to intervene before she withdrew the request. Defendants' reliance on Rule 41(a)(2) would be appropriate had the Court granted Lewis' request to intervene, Lewis filed her complaint-in-intervention, Defendants either answered or moved for summary judgment on the complaint-in-intervention, and Lewis thereafter sought to voluntarily dismiss her intervener complaint. These hypothetical circumstances, however, are a far cry from what has occurred here.

Lewis never was a party to this action. She merely filed, then withdrew, a motion to intervene. Defendants cite no authority applying Rule 41(a)(2) to these circumstances, nor has the Court found any. To the contrary, parties typically are able to withdraw their

own motions at their own discretion. If a motion is withdrawn in bad faith or prejudices the non-movant, other provisions or doctrines might entitle the non-movant to a fee award, but Defendants fail to show that Rule 41(a)(2) is a source of any such entitlement.

## B. A.R.S. § 12-349

Pursuant to A.R.S. § 12-349(A), the Court must assess reasonable attorneys' fees against an attorney or party who:

> 1. Brings or defends a claim without substantial justification.
>
> 2. Brings or defends a claim solely or primarily for delay or harassment.
>
> 3. Unreasonably expands or delays the proceeding.
>
> 4. Engages in abuse of discovery.

Defendants do not argue that Lewis engaged in abusive discovery or that she moved to intervene solely or primarily for delay or harassment. Instead, they argue that Lewis moved to intervene without substantial justification because she knew or should have known that the underlying state court judgment was unenforceable. (Doc. 81 at 5.) Relatedly (and somewhat circularly), Defendants contend that Lewis unreasonably expanded and delayed this case by moving to intervene without substantial justification. (*Id.*)

For purposes of § 12-349(A), however, "'without substantial justification' means that the claim or defense is groundless *and not made in good faith*." A.R.S. § 12-349(F) (emphasis added). The party requesting fees must prove these elements by a preponderance of the evidence. *See White Mountain Health Ctr., Inc. v. Maricopa Cty.*, 386 P.3d 416, 438 (Ariz. Ct. App. 2016). Here, although Defendants argue that Lewis' motion to intervene was groundless because her asserted right to intervention was based on an unenforceable judgment, they provide no evidence that Lewis sought to intervene in bad faith. Accordingly, Defendants have not carried their burden to recover fees under § 12-349(A).

## C. Rule 11

Rule 11(b)(2) states, in relevant part, that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Defendants contend that an objectively reasonable investigation would have revealed that Lewis' proposed complaint-in-intervention was unwarranted by existing law and lacked evidentiary support because the underlying state court judgment upon which Lewis' asserted right to intervene was based is unenforceable. Defendants therefore urge the Court to sanction Lewis and/or her attorney by ordering them to pay Defendants' reasonable attorneys' fees.

Initially, the Court is not convinced that Lewis' counsel's oversight was per se unreasonable. The judgment renewal affidavit was filed a mere one day late back in 2009. Notably, Defendants did not uncover this defect when they initially responded in opposition to Lewis' motion to intervene. (*See* Docs. 56, 73.) Defendants brought this

issue to the Court's attention for the first time in mid-October 2017, over two months after full briefing on Lewis' motion to intervene. This delay suggests that the defect in the underlying state court judgment eluded counsel on all sides until relatively recently.

Assuming, however, that Lewis' counsel failed to perform an objectively reasonable investigation prior to filing the motion to intervene, Defendants still are not entitled to attorneys' fees under Rule 11(c) because they have not complied with the rule's strict procedural requirements. Specifically, Rule 11(c)(2) requires a party moving for sanctions to serve its motion on the other party twenty-one days prior to filing the motion with the court in order to give the other party time to withdraw the frivolous filing. "The Ninth Circuit Court of Appeals requires strict adherence to this 'safe harbor' provision." *Miladinovic v. Tarvin*, No. CV-12-02614-PHX-SRB, 2013 WL 12190509, at *2 (D. Ariz. Mar. 8, 2013).

Here, there is no evidence that Defendants complied with the safe harbor provision. Indeed, their motion regarding the alleged invalidity of the underlying state court judgment does not mention Rule 11. (Doc. 78.) Defendants first appealed to Rule 11 in their reply memorandum, and e-mail exchanges attached to the reply indicate that Defendants discussed the Rule 11 issue with Lewis only after filing the instant motion. (Docs. 81, 81-1.) Moreover, Lewis has since withdrawn the alleged frivolous filing, which is precisely what Rule 11's safe harbor contemplates.

**D. A.R.S. § 14-11004**

Pursuant to A.R.S. § 14-11004:

> A. A trustee or a person who is nominated as a trustee is entitled to reimbursement from the trust for that person's reasonable fees, expenses and disbursement, including attorney fees and costs, that arise out of and that relate to the good faith defense or prosecution of a judicial or alternative dispute resolution proceeding involving the administration of the trust, regardless of whether the defense or prosecution is successful.
>
> B. A court or arbitrator may order that a party's reasonable fees, expenses and disbursements pursuant to subsection A be paid by any other party or the trust that is the subject of the judicial proceeding.

Defendants argue that they are entitled to fees under this section because Lewis sought, through her proposed complaint-in-intervention, to enlarge the scope of assets from the Trust available to satisfy her state court judgment. (Doc. 81 at 7.) This could be true, but § 14-11004(B) is discretionary, and Defendants have wholly failed to explain why the Court should order Lewis, rather than the Trust, to reimburse them for their reasonable attorneys' fees. Defendants' request therefore is denied.

### E. Ethical Rules 3.3, 4.4, and 8.4

Ethical Rule 3.3 provides, in relevant part, that "a lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer," or "offer evidence that the lawyer knows to be false." Ethical Rule 4.4 provides that "a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden any other person[.]" Finally, Ethical Rule 8.4 provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation" or "that is prejudicial to the administration of justice."

Defendants contend that Lewis' counsel violated these ethical obligations by filing a motion to intervene in this case based on an unenforceable state court judgment. But Defendants fail to show that Lewis' counsel knew that the state court judgment was unenforceable at the time he filed the motion to intervene. As previously noted, Lewis missed the deadline to renew her state court judgment by one day back in 2009. Since then, Lewis filed another renewal affidavit in 2014, indicating that she did not realize her 2009 renewal affidavit was untimely. Moreover, no party to this case brought the renewal issue to the Court's attention at the time Lewis filed her motion to intervene. The issue apparently eluded everyone until October of this year. Lewis' counsel might have filed the motion to intervene based on a mistake of fact, but there is no evidence that he knowingly misled Defendants or the Court. To the contrary, once the renewal issue was brought to Lewis' attention, she promptly withdrew her motion to intervene. Under the circumstances, the Court finds no basis to shift attorneys' fees as an ethical sanction.

### III. Conclusion

For the foregoing reasons, Defendants' opposition to Lewis' motion to intervene is moot because Lewis has withdrawn her motion. Defendants have not shown that they are entitled to their reasonable attorneys' fees and costs incurred in opposing Lewis' intervention. Because the validity of Lewis' state court judgment has no bearing on the claims asserted against Defendants by Neal, the Court has no reason to opine further on the matter.

**IT IS ORDERED** that Defendants' Motion Regarding Judgment Creditor's Underlying Judgment as Being Void as a Matter of Law (Doc. 78) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Request for Oral Argument on Judgment Creditor Patricia Lewis' Motion to Intervene (Doc. 61) is **DENIED** as moot.

Dated this 1st day of December, 2017.

Douglas L. Rayes
United States District Judge