**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Leland Neal, | No. CV-16-08291-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| B Marc Neal, et al., | |
| Defendants. | |

Before the Court is Defendants' motion for attorneys' fees (Doc. 89), to which Plaintiff did not respond. Defendants seek fees pursuant to A.R.S. § 14-11004 or, alternatively, A.R.S. § 12-349. They also have submitted appropriate documentation itemizing the legal services rendered and fees incurred in the defense of this matter. The Court finds that those expenses are reasonable in light of the history of this case. Nonetheless, Defendants' motion is denied for two reasons.

First, the Court is not inclined to shift fees from the trust to Plaintiff pursuant to § 14-11004(B) in the absence of guidance on when such fee-shifting is appropriate. Section 14-11004 provides:

> A. A trustee or a person who is nominated as a trustee is entitled to reimbursement from the trust for that person's reasonable fees, expenses and disbursement, including attorney fees and costs, that arise out of and that relate to the good faith defense or prosecution of a judicial or alternative dispute resolution proceeding involving the administration of the trust, regardless of whether the defense or prosecution is successful.

> B. A court or arbitrator may order that a party's reasonable fees, expenses and disbursements pursuant to subsection A be paid by any other party or the trust that is the subject of the judicial proceeding.

Defendants, in their capacities as trustees, certainly are entitled under subsection A to reimbursement from the trust for what has been their good faith defense of this action. It also is true that subsection B allows the Court to shift those costs to any other party to the proceeding. But Defendants do not discuss in their motion how the Court makes that determination, and having examined dozens of Arizona appellate cases citing the statute, the Court has found no guidance from Arizona courts on how to exercise its discretion under these circumstances. Instead, the Court will adhere to what appears to be the statutory default: the Defendant trustees may seek reimbursement from the trust for the fees they incurred in defending this action.[1]

Second, the Ninth Circuit has held that § 12-349 cannot be used to sanction attorney or party misconduct in actions brought or removed to federal court. *In re Larry's Apartment, LLC*, 249 F.3d 832, 837-39 (9th Cir. 2001). Instead, federal law governs where sanctions are sought "based upon misconduct by an attorney or party in the litigation itself, rather than upon a matter of substantive law." *Id.* at 838; *see also GoDaddy.com LLC v. RPost Commc'n Ltd.*, No. CV-14-00126-PHX-JAT, 2016 WL 4569122, at *10-11 (D. Ariz. Sept. 1, 2016); *R. Prasad Indus. v. Flat Irons Envtl. Solutions Corp.*, No. CV-12-08261-PCT-JAT, 2014 WL 4722487, at *12 (D. Ariz. Sept. 23, 2014); *Woehler v. Bank of Am., N.A.*, No. CV-11-1088-PHX-SRB, 2011 WL 13118553, at *4 (D. Ariz. Oct. 13, 2011). Defendants' therefore are not entitled to attorneys' fees as a sanction under § 12-349 because "state law rules for attorney fees and sanctions do not apply to cases in federal district court where requests for fees are based on an attorney's [or party's] conduct." *Woehler*, 2011 WL 13118553, at *4. Accordingly,

---

[1] As Defendants note in their motion, they do not need Court approval of those fees if sought as reimbursement from the trust. The Court therefore does not enter an order to that effect because Defendants do not seek one.

**IT IS ORDERED** that Defendants' motion for attorneys' fees (Doc. 89) is **DENIED**.

Dated this 24th day of October, 2018.

_____
Douglas L. Rayes
United States District Judge